## Markley *versus* Stevens.

*In an affidavit of defence an averment of set-off must be precise and certain as to time.*

March 1st 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas of *Berks county:* Of January Term 1879, No. 120.

Covenant by Sadosa S. Stevens against Benjamin H. Markley, to recover arrears of rent upon a lease under seal, dated July 1st 1872. The claim was for $210, the rent alleged to be due from January 15th to May 1st 1877. The defendant filed an affidavit of defence wherein he averred that on the 28th day of June 1872, the said defendant purchased from the plaintiff a certain drug-store; that plaintiff guaranteed that there were in the said store at time of sale at least $8000 worth of drugs, medicines, &c., and induced the defendant to agree to give that much, which defendant agreed to do, upon the special guaranty of the plaintiff that the stock consisted of drugs, medicines, &c., worth $8000; that, immediately upon taking possession of said store, defendant had a careful inventory taken of the contents of said store, and found but $4798.73 worth of drugs and medicines (including counter and shelving), instead of $8000 worth, as plaintiff had guaranteed; that defendant, acting upon the special guaranty of the plaintiff, paid him the sum of $8000—$5000 of which amount was paid before defendant had taken possession of the store; that upon this transaction, plaintiff is indebted to defendant in a sum exceeding $3000, not including interest; that plaintiff is further indebted to defendant in the sum of $5.01 for drugs, &c., furnished by defendant; and, also, in the further sum of $8.30, bill paid by defendant for plaintiff to E. J. Nolan, plumber, &c.

A rule for judgment for want of a sufficient affidavit of defence was made absolute, Sassaman, J., in an opinion, saying:

"The counsel for plaintiff in this case says his party knew nothing of the bill for drugs $5.01, and Nolan's plumbing bill for $8.30, due by plaintiff to defendant, but that he thinks they may be proper charges, and agrees that they shall be deducted from the amount of the claim, which must accordingly be done.

"The only dispute then is the amount of deficiency claimed by an inventory of the drugs in a certain store, made immediately after obtaining possession of the demised premises. The cases cited by the defendant's counsel in this case are not applicable in this suit, for the reason, that what he now claims to set off against the balance of the claim in suit, is for money voluntarily paid by him, for the most part after he had full knowledge of the alleged facts. Even though there should have been a guaranty, if, after he knew the

[Markley *v.* Stevens.]

failure of the amount guaranteed, he made payment in full without defending on that contract, he could not now set up any amount voluntarily and knowingly overpaid in a suit upon this contract for the lease of the premises described in the copy filed for a certain rent, by way of defalcation. The criterion to go by would be, could he maintain a suit for what he offers to defalcate. Money paid and received voluntarily, though not strictly demandable, cannot be recovered back : Morris *v.* Tarin, 1 Dall. 158 ; Kennedy *v.* Hughey, 3 Watts 265 ; Keener *v.* Bank, 2 Barr 237 ; Natcher *v.* Natcher, 11 Wright 496. Money voluntarily paid cannot be recovered back, on the ground of a mistake of law as to the right of the other party to receive it : Ege *v.* Koontz, 3 Barr 109. Money voluntarily paid with knowledge or means of knowledge of the facts, and without fraud on the party cannot be recovered back, because paid in ignorance of the law; Real Est. Sav. Inst. *v.* Linder, 24 P. F. Smith 371. It seems strange to us that a person should pay thousands of dollars voluntarily in satisfaction of one contract, and that the same person should apparently, also voluntarily, pass along for a number of years, paying monthly dues on another contract, and make no defence of defalcation until sued for a comparatively small balance on the last contract. We do not consider the affidavit of defence sufficient."

This entry of judgment was assigned for error.

*Frank R. Schell*, for plaintiff in error.—The affidavit of defence disclosed a substantial prima facie case. It was therefore sufficient and should have been supported. It is not necessary that an affidavit should expressly negative every objection or argument which can be raised against it. It is only necessary that the facts constituting the defence should be averred with reasonable precision and distinctness, and with certainty to a common intent : Hugg *v.* Scott, 6 Whart. 274 ; Leibersperger *v.* The Savings Bank, 6 Casey 531 ; Thompson *v.* Clark, 6 P. F. Smith 33 ; Eyre *v.* Yohe, 17 Id. 477 ; Youngman *v.* Walter, 23 Id. 134 ; Bronson *v.* Silverman, 27 Id. 94 ; Moeck *v.* Littell, 1 Norris 354.

The affidavit is to receive a reasonable construction in favor of the defendant, and a reasonable intendment is to be made in his favor : Roberts *v.* Austin, 5 Whart. 313 ; Twitchell *v.* McMurtrie, 27 P. F. Smith 383.

No reasonable construction was put upon the affidavit. The opinion of the court below is based upon a series of assumptions. In no sense can it be said that the $5000 were paid by the defendant with a "full knowledge of the alleged facts." It is true that it is not stated precisely when the balance of $3000 were paid. The only inference that could be drawn from this omission to state the time precisely would be that it was paid when or after defendant had taken possession of the store.

[Markley v. Stevens.]

*Amos B. Wanner* and *George F. Baer,* for defendant in error. —The omission to state the time of the payment of the balance of the purchase-money was fatal. If paid after knowledge of the deficiency in the stock of the store it was voluntary, and can not be recovered back. The affidavit should have stated specifically when the $3000 were paid.

Mr. Justice MERCUR delivered the opinion of the court, May 7th. 1879.

In this case judgment was entered against the plaintiff in error, for want of a sufficient affidavit of defence. The validity of the debt claimed by the defendant in error was not denied;. but the defence is set-off arising out of a separate transaction.

The question then is, whether the affidavit, with reasonable certainty, avers facts that would establish a valid claim against the defendant in error? Substantially it avers that the affiant purchased of the defendant in error a drug store, under a guarantee that there was at the time of sale at least $8000 worth of drugs, medicines, &c, therein. That immediately. on taking possession he had a careful inventory taken of the contents, and found the value of the whole to be $4798.73. That he paid the $8000—$5000 thereof before he took possession of the store. He therefore claimed the defendant in error was indebted to him in that transaction, in a sum exceeding $3000.

It will thus be observed that there is an entire omission to state the time when the $3000 were paid. The clear inference is, that they were not paid before possession was taken, and it is left to conjecture to determine whether they were paid before or after the taking of the inventory was completed. If paid before, it might constitute a valid claim. If voluntarily paid afterwards and with knowledge of all the facts averred, no fraud being alleged, it could not be recovered back: Keener *v.* Bank, 2 Barr 237; Age *v.* Koentz, 3 Id. 109; Natcher *v.* Natcher, 11 Wright 496; Real Estate Saving Institution *v.* Linder, 24 P. F. Smith 371.

It is true, an affidavit is sufficient which avers with reasonable precision and distictness, and with certainty to a common intent, facts which will constitute a defence. A reasonable intendment should be given to the language used for the purpose of sustaining the affidavit. It is not, however, sufficient to designedly and unnecessarily use language intended to create the presumption of a fact, which, if it actually existed, would readily and naturally have been expressly averred.

The affidavit in the present case expressly avers that $5000 were paid before possession was taken; but studiously omits to state when the remaining $3000 were paid. It cannot be claimed that this omission occurred through ignorance of the time of its payment. In view of the minuteness with which the other facts are

[Markley *v.* Stevens.]

stated, and the known importance of the time when this payment was made, the omission to state that it was before the inventory was taken, or before the facts were fully known to the affiant, creates the presumption that such was not the fact. It is to say the least, evasive, inasmuch as no just cause appears for the absence of an express and distinct statement of the time. The reasonable conclusion, therefore, is that the time of payment was stated as favorably for the affiant as the facts would warrant. As then it was necessary to aver facts, which, if proved, would sustain the claim set up, it is evident that this affidavit failed so to do with reasonable precision and certainty, and the learned judge was right in ordering judgment to be entered.

Judgment affirmed.