# Comly, Flanigan & Co., Appellants, *v.* William S. Simpson.

*Practice, C. P.—Affidavit of defense—Insufficiency—Running account.*

An affidavit of defense is insufficient which, alleging payments on an alleged running account, suggests an hypothesis that if a statement were made, showing all credits and debits between the parties, affiant could determine what was due by him if anything, and fails to aver that the amount claimed is not correct.

*Practice, C. P.—Affidavit of defense—Construed against defendant.*

An affidavit of defense is to be taken most strongly against the defendant; it is to be presumed that he has made it as favorable to himself as his conscience would allow.

Argued Oct. 21, 1897. Appeal, No. 136, Oct. T., 1897, by plaintiffs, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1896, No. 1180, for want of a sufficient affidavit of defense. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY and PORTER, JJ. Reversed.

Assumpsit for goods sold and delivered.

The facts sufficiently appear in the opinion of the court.

The court refused the rule for judgment for want of a sufficient affidavit of defense. Plaintiffs appealed.

*Error assigned* was discharging plaintiffs' rule for judgment for want of a sufficient affidavit of defense.

*Cipraino Andrade, Jr.,* with him *Charles C. Lister,* for appellants.—The language of an affidavit of defense should be taken most strongly against defendant: Comly v. Bryan, 5 Wh. 261.

The alleged payments set forth in the affidavits are quite insufficient to prevent judgment, because there is nowhere any allegation that said payments were on account of the demand in suit: Selden v. Building Assn., 2 W. N. C. 481.

*Samuel J. Taylor,* for appellee.—Defendant in his affidavits fully and satisfactorily accounts for his inability to set forth more clearly his defense to this suit: Brightly v. McAleer, 3 Pa. Superior Ct. 442; Hubbard v. French, 1 Pa. Superior Ct. 218.

OPINION BY ORLADY, J., November 19, 1897:

The plaintiff claims to recover "for goods, to wit, groceries sold and delivered by the said plaintiff to the said defendant, at the defendant's special instance and request, at the times and in the amounts specified in the following copy of plaintiff's original account with the defendant, taken from the plaintiff's book of original entries," and he appends to the statement an account beginning November 9th and ending December 15, 1896, aggregating the sum of $568.19. In the affidavit of defense filed, it is averred "that he has purchased from the plaintiff during the last two years about $5,000 worth of goods annually; that he was not furnished with any statements showing the amount of purchase and payments, but that he only received bills for the articles purchased; that he made payments from time to time, generally by check, for which no receipts were given; the account was what was known in trade as a running account, and without a statement of credits it is impossible to say positively whether credit had been given for all the payments made; that the statement does not set forth all the goods purchased since November 9, 1896, and does not set forth any payments made since that date; that seven cash payments, giving the date and amount thereof, have been made since November 9, 1896, which exceed the plaintiff's claim by $264.57," and concludes, "I believe and therefore aver that upon a proper examination of the books of said firm, it will appear that I am not indebted to said firm in the amount set forth in the statement filed by them in this case, and for that reason, and that by reason of the failure to furnish me with statements from time to time, and especially to set forth a statement of my credits in the statement filed by them I am unable to more clearly and definitely set forth my defense."

And in a supplemental affidavit he avers "that many of the papers, bills, receipts and checkbooks and canceled checks were in some way lost or destroyed, so that they are not in my possession or control, and I do not know where they are," and concludes, "In view of the fact that I have not in my possession or control my receipts and checks showing all of my transactions with plaintiffs, and also in view of the fact that they have not furnished me with a statement whereby I could see if they have given me credit for the checks and receipts I hold, I am

unable to state whether their statement of my indebtedness to them is correct, but I do believe the statement as filed is not correct, but admit that without the information above referred to I am unable to state wherein the same is not correct."

The affidavits do not aver that the amount claimed is not correct; or that the plaintiff has been paid in full; or that the defendant requested of the plaintiff a statement of their entire business dealings, which had been refused ; or that the cash payments mentioned should have been credited on the particular claim in suit.   His farthest contention is that "upon a proper examination of the books of said firm it will appear that I am not indebted to said firm in the amount set forth in the statement filed."   We may admit all that he alleges, and he may have been properly credited on another account with what he has paid to the plaintiff, and yet owe the amount claimed. We cannot relieve the defendant from the effect of his carelessness in not preserving the original statements, or in not securing or trying to secure, one containing the whole account, or in his bad system of doing business in not taking receipts.

This case is not brought within the ruling in Hubbard v. French, 1 Pa. Superior Ct. 218, cited for the appellee.

The affidavit of defense is to be taken most strongly against the defendant.   It is to be presumed that he has made it as favorable to himself as his conscience would allow.

The fact that he has paid a sum in excess of the one claimed does not imply, under his affidavits, that the particular account is paid in full any more than that other dealings between the parties may have been properly credited with the excess.

We think the affidavits insufficient, the judgment of the court below is reversed, and we direct judgment to be entered against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.