# Reilly *v.* White, Appellant.

*Contracts—Affidavits of defense—Practice, C. P.*

1. Affidavits of defense should aver the facts depended upon with reasonable precision and distinctness. Averments of set-off must be as specific as those used in a statement of claim.

2. In an action of assumpsit by a builder to recover a balance alleged to be due on a contract for the erection of a building and also an additional sum as damages for alleged breaches by the defendant in failing to perform his part of the contract, there is no mixture of claims for contract and tort and the defendant will be required to furnish an affidavit of defense.

3. In such a case portions of the affidavit of defense which consist merely of general denials and which fail to specify the particulars of alleged noncompliance with the contract will be held insufficient.

Argued Oct. 19, 1911.   Appeal, No. 122, Oct. T., 1911, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1910, No. 448, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Thomas Reilly v. Bernard White.   Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.   Affirmed.

Rule for judgment for want of a sufficient affidavit of defense in action on a building contract.   Before KENNEDY, P. J.

Suit was brought by the plaintiff to recover from the defendant the sum of $49,474.21, of which $29,474.21 was claimed as balance of contract price and extras, and $20,000, on a general claim for damages.   The statement of claim admitted that the work was not completed until April 4, 1910, although it should have been completed on February 1, 1910.

An affidavit of defense was filed which denied any indebtedness to the defendant for the following reasons:

1. The plaintiff owed the defendant for delay the sum of $10,200.

2. Certain extras claimed by the plaintiff were denied.

3. A set-off for: (a) Damages to an adjoining building owned by the defendant, the walls of which slipped and cracked as a result of the plaintiff negligently excavating too close to said adjoining building, and failing to shore up the walls of said adjoining building as he agreed to do in the contract, and, (b) Damages to the defendant's stock of furniture and carpets contained in an adjoining building, occasioned through the plaintiff's failing to put in a dust and waterproof partition between the two buildings, which the contract required him to do; the total of said set-offs amounting to $75,000.

The plaintiff entered two rules for judgment, one for the entire amount set forth in his statement of claim, and another for certain portions as to which he alleged the affidavit of defense was insufficient, the former of which

was discharged at plaintiff's request. The second rule was made absolute in an opinion filed May 13, 1911, and judgment for plaintiff was ordered entered for $29,338.37.

A motion was immediately made by defendant's counsel for reargument and the court consented to hear counsel on one point only involved in said motion, viz.: defendant's claim for $10,200 liquidated damages. Thereafter, the court filed another opinion modifying its judgment to the extent of holding that the affidavit was sufficient as to this item, and reduced the judgment accordingly to $19,138.07. Defendant then took this appeal.

The court entered judgment for plaintiff for $19,138.07. Defendant appealed.

*Errors assigned* were order making absolute rule for judgment and in entering judgment for plaintiff for $19,138.07.

*Charles H. Sachs* and *Charles A. O'Brien*, with them *Thomas Patterson*, for appellant.—Plaintiff's case is not within affidavit of defense rule: Corry v. P. R. R. Co., 194 Pa. 516; Osborn v. First National Bank of Athens, 154 Pa. 134; Bartoe v. Guckert, 158 Pa. 124.

The affidavit of defense is sufficient to prevent judgment: Andrews v. Blueridge Packing Co., 206 Pa. 370; Noble v. Kreuzkamp, 111 Pa. 68; Louchheim v. Maguire, 186 Pa. 311; Lawrance v. Smedley, 6 W. N. C. 42; Silence v. Pierce, 1 W. N. C. 154; Myers v. Faegley, 9 Lanc. L. R. 242.

*Joseph Stadtfeld*, for appellee.—Under the Act of May 25, 1887, P. L. 271, an affidavit of defense is required in all actions of assumpsit arising ex contractu: Holland v. Sunbury Iron Works, 9 Pa. Superior Ct. 261; Barr v. Mc-Gary, 131 Pa. 401; Byrne v. Hayden, 124 Pa. 170; Mantua Hall & Market Co. v. Brooks, 163 Pa. 40.

OPINION BY MR. JUSTICE POTTER, January 2, 1912:

This was an action of assumpsit in which the plaintiff

sought to recover a balance of $29,474.21 on a contract for the erection of a building. He also sought to recover an additional sum of $20,000 as damages for alleged breaches of the contract on the part of the defendant. The court below held the affidavit of defense to be insufficient as to the sum of $29,338.07 claimed by plaintiff, but held that an offset of $10,200, as damages for delay in completion of the building, was sufficiently averred, and therefore entered judgment for want of a sufficient affidavit of defense in the sum of $19,138.07. Defendant has appealed, and his counsel contends that no affidavit of defense was required in this case, because, as he says, the plaintiff combined in his declaration, claims for a balance due on the contract, and for damages in their nature ex delicto. In this, however, we think he is mistaken. It clearly appears that the second claim in plaintiff's statement, is founded upon the violation of an express contract made by the parties themselves. The claim is for damages sustained by reason of the failure of defendant to perform his part of the agreement. Arising as it does out of the agreement of the parties, it is for a breach of contract, and in this is distinguished from a right of action for a tort, which must be based upon the breach of a duty fixed by law, without regard to the will of the parties. We agree with the court below, that there is no mixture here of claims for contract and tort, and that assumpsit was the proper remedy. As to the portions of the affidavit of defense which the court below held to be insufficient, they were merely general denials, and failed to specify any particulars in which plaintiff had failed to comply with the contract. If any of the charges are incorrect, defendant does not point them out, nor does he set forth any additional credits to which he is entitled.

Defendant avers by way of set-off, that the negligence of plaintiff in doing his work damaged an adjoining building owned by defendant. But his averments as to damage are indefinite. He alleged a loss in rentals, but does not give any particulars, or show how the sum claimed is made

up.  Neither does he give any facts upon which his claim for damages to the building is based.  His other grounds of set-off are not clearly stated, and no particulars are given as to the amount of damages claimed.  He contents himself with naming a large lump sum.  In the late case of Law v. Waldron, 230 Pa. 458, our Brother VON MOSCH-ZISKER states the law as follows (p. 466): "Affidavits of defense should aver the facts depended upon with reasonable precision and distinctness: Markley v. Stevens, 89 Pa. 279.  Averments of set-off must be as specific as those used in a statement of claim.  The defendant in respect to such a claim is the actor, and the obligation is upon him to aver his set-off in terms incapable of being misunderstood: Loeser v. Warehouse, 10 Pa. Superior Ct. 540.  An affidavit of defense is to be taken most strongly against the defendant, for it is to be presumed that he has made it as favorable to himself as his conscience would allow: Comly v. Simpson, 6 Pa. Superior Ct. 12; Kemp v. Kemp, 1 Woodw. 154."

Tested by these principles, we think the court below was fully justified in holding that defendant's allegations of set-off were, with the exception of the claim for damages caused by delay in completing the building, too vague and indefinite to prevent judgment.  The question as to damages for delay remains for determination at the trial, in due course.  The assignments of error are overruled, and the judgment is affirmed.