## Kelly-Wood Real Estate Company *v.* Lloyd, Appellant.

*Affidavit of defense—Promissory note—Representations as to rental value of real estate.*

In an action upon a promissory note, it appeared that the plaintiff, a real estate brokerage company, received the note from the defendant in settlement of a real estate commission in an exchange of real estate. The defendant filed an affidavit of defense in which he averred that while negotiations for the trade were under way plaintiff represented to defendant that the building to be taken by the latter was rented at upwards of $3,000 per year, specifying the rentals for each of the rooms and apartments; that after the trade was consummated and the note delivered he discovered that "said building was not rented as represented, but that some of the tenants occupied the building without paying any rent, and the entire annual revenue from said building amounted to much less than the sum represented by plaintiff; that the first floor, containing the storeroom brought in no revenue at all." He further averred that the said premises were actually worth $5,000 less than if the rentals had been as represented, that therefore by plaintiff's breach of faith and misrepresentations defendant suffered damages in the sum of $5,000. *Held,* that the affidavit of defense was insufficient to prevent judgment.

Argued April 10, 1912.  Appeal, No. 32, April T., 1912, by defendant, from order of C. P. No. 3, Allegheny Co., May T., 1911, No. 137, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Kelly-Wood Real Estate Company v. S. H. Lloyd.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.  Affirmed.

Assumpsit on a promissory note.

The defendant's affidavit of defense was as follows:

Defendant avers that the $1,200 promissory note, a copy of which is set out in plaintiff's statement, was given by him to plaintiff in settlement of a commission claimed for services rendered by plaintiff to defendant as agents of defendant, in the following transaction.

On or about November 12, 1909, plaintiff elected a trade of certain of defendant's property for the property located at southeast corner of Thirty-fifth and Butler streets, Pittsburg, Pennsylvania, having erected thereon a large brick building containing store rooms and apartments, of which plaintiff was the renting agent.

While the preliminary negotiations for the trade aforesaid were under way, plaintiff represented to defendant that the building to be taken by defendant was rented at upwards of $3,000 per year, as follows: Two storerooms at $25.00 per month each; one storeroom at $35.00 per month; four apartments at $20.00 each; four apartments at $15.00 each and two apartments at $13.00 each.

Defendant on inquiry at the said premises was refused information as to the matter of leases and rents by the tenants and requested plaintiff to produce said lease, whereupon plaintiff again assured defendant that the property was rented as above set forth and that the leases would be turned over to defendant.

Defendant relying wholly on the aforesaid representation of plaintiff, his agent, as to the income from said property, was induced to make the trade.

Defendant further avers that after said trade was consummated and the deeds exchanged, and after the said note was delivered to plaintiff, he first discovered, in a conversation with the president of said Kelly-Wood Real Estate Company, that said building was not rented as represented by plaintiff, but that some of the tenants occupied the building without paying any rent and the entire annual revenue from said building amounted to much less than the sum represented by plaintiff. That

the first floor, containing the storeroom, brought in no revenue at all.

Defendant avers that the rental income of said building as represented by plaintiff was a material factor in inducing him to make the exchange aforesaid, and that had he not been deceived therein by the misrepresentations of plaintiff, he would not have traded.

Defendant further avers that the property as represented by plaintiff was worth upwards of $5,000 more than the property as defendant took it, and that the property traded by defendant was fully worth the Butler and Thirty-fifth street property as represented by plaintiff.

Defendant avers that by plaintiff's breach of faith and misrepresentations in the premises, he was damaged to the amount of $5,000 or more, wherefore, he is not indebted to plaintiff in any amount, but that plaintiff is indebted to defendant by reason of the premises aforesaid, in the sum of, to wit, $5,000, for which he asks a certificate.

In a supplemental affidavit of defense the defendant averred that the representations set forth in the original affidavit of defense were made by W. P. Lantz, and Samuel Kelly, who were agents for the plaintiff company in the transaction in question.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*W. F. Petty*, of *R. B. Petty & Sons*, for appellant, cited: Devers v. Sollenberger, 25 Pa. Superior Ct. 64; Griswold v. Gebbie, 126 Pa. 353; Kramer v. Bjerrum, 19 N. Y. App. Div. 332 (46 N. Y. Supp. 496); Glennon v. Lebanon Mfg. Co., 140 Pa. 594.

*James H. Gray*, for appellee.—There can be no recovery for a deceit by untrue representations unless the party when he made the representations was conscious of their

untruth, or of his ignorance as to their truth or untruth, and this wrong condition of mind must be alleged and proven.    If the maker of the representations honestly believes them to be true, the action for deceit fails: Lamberton v. Dunham, 165 Pa. 129; Griswold v. Gebbie, 126 Pa. 353; Cox v. Highley, 100 Pa. 249; Duff v. Williams, 85 Pa. 490; Sacks v. Schimmel, 3 Pa. Superior Ct. 426; Wilson v. Talheimer, 20 Pa. C. C. Rep. 203.

It is well settled that affidavits of defense "should contain a clear and concise statement of the facts which constitute a basis for an assessment of the damages under the legal rule by which they are measured:" Ogden v. Beatty, 137 Pa. 197; Hollowell v. Paige, 46 Pa. Superior Ct. 108; Loeser v. Rag Warehouse, 10 Pa. Superior Ct. 540; Anderson v. Williams, 10 Pa. Superior Ct. 329; Close v. Hancock, 3 Pa. Superior Ct. 207.

OPINION BY HENDERSON, J., July 18, 1912:

The appellant resists the plaintiff's claim on two grounds set up in the affidavit of defense: (a) that the plaintiff practiced a deceit in making false representations to the defendant as to the amount of rent received from the property which the defendant took in exchange, and (b) that if the representations were not deceitfully made the plaintiff negligently managed the defendant's business to the latter's damage by reason of which the consideration for the note failed; but we do not find in the affidavit averments of fact which are sufficient to make the alleged defense available.    The defendant failed to set out that the representation made by the agents of the plaintiff in regard to the amount of the rent payable by the tenants was fraudulently made, nor are any facts alleged to exist from which an inference of fraudulent misrepresentation would arise.    The most that is fairly inferable is that the plaintiff's agents carelessly and negligently stated the amount of rent, if the fact were that it was less than the amount so stated.    An averment of bad faith does not appear in either of the affidavits.    And on the allegation of negligent

attention to the defendant's business out of which a loss resulted we think the affidavit fails to show that the appellant sustained any damage. What is alleged is that the plaintiff represented to the defendant that the building to be taken by the latter "was rented at upwards of three thousand ($3,000.00) Dollars per year, as follows: Two storerooms at Twenty-five ($25.00) Dollars per month each; one storeroom at Thirty-five ($35.00) Dollars per month; four apartments at Twenty ($20.00) Dollars each; four apartments at Fifteen ($15.00) Dollars each and two apartments at Thirteen ($13.00) Dollars each." It is further averred that the defendant took the property, relying on the representation of the plaintiff as to the income derivable from it, but that he later discovered in a conversation with the president of the plaintiff company that the building was not rented as represented by the plaintiff; that some of the tenants occupied the building without paying any rent and the entire annual revenue amounted to much less than the sum represented by the plaintiff; that the first floor containing the storeroom brought in no revenue at all. The general statement is then made that the property as represented by the plaintiff was worth upwards of $5,000 more than the property as the defendant took it and that he was damaged by the plaintiff's breach of faith and misrepresentations in the premises to the amount of $5,000 for which he asks a certificate in his favor. It will be observed that the affidavit does not state that the several premises were not occupied by tenants under lease at the rents mentioned. The statement is that the building "was not rented as represented by plaintiff." In what respect it was not so rented is not shown. The averment that some of the tenants occupied the building without paying any rent does not negative the alleged representation that the premises occupied by them were rented for the amounts stated. Why they were not paying rent is not shown. It certainly is not asserted that they were not bound to pay rent nor that they were unable to perform

their contract in that respect. The averment that the first floor brought in no revenue at all is not a denial that the room was rented or that rent could be collected from the tenant. There is no assertion that the defendant did not receive the rent at the rate stated after he took possession, whatever may have been the fact as to the payment to the former landlord. He does not state that he did not receive rent at the rates named in the alleged representation, nor is there any denial that the property is reasonably worth $3,000 a year, and that is the material matter with respect to the representation. If the tenants were bound by leases and were able to pay, it is not material that under a former landlord one or more of them occupied the building without paying any rent or that one of the rooms brought in no revenue. For anything that appears in the affidavit the defendant could have collected the rent stated from the tenants. But if as to one or more of them this was not the case at the time he took possession it was important that he state the amount that could not be collected either because the tenement was not rented or the tenant could not pay. For when the defense of a failure of consideration of a note is set up it is the duty of the defendant to inform the court to what extent the consideration had failed and this must be done by the averment of facts with reasonable precision and distinctness. The burden of proof is on the defendant to show that the consideration for the note has failed in whole or in part and the obligation is on him to set forth his defense clearly. The affidavit is to be taken most strongly against him for he is presumed to present the case as favorably for himself as the facts will permit. The law on this branch of the case has been frequently announced and was lately restated in Reilly v. White, 234 Pa. 115. The allegation that the entire annual revenue from the building amounted to much less than the sum represented by the plaintiff and that the defendant was damaged to the amount of $5,000 or more are manifestly insufficient to establish a

defense. They are general and are supported by no averment of fact as a justification for the general assertion. We agree with the court below that the affidavit is insufficient.

Judgment affirmed.