# First National Bank of Shickshinny *v.* Tustin, Appellant.

*Mortgages—Defenses—Contemporaneous parol agreement—Negotiable instruments—Promissory notes—Protest—Notice of dishonor—Liability of endorser—Affidavits of defense—Set-off—Insufficient affidavit.*

1. The terms of a mortgage may not be varied in an action on the mortgage by setting up a parol agreement contemporaneous with the execution of the mortgage in the absence of an averment that anything was omitted from the mortgage by fraud, accident or mistake.

2. The endorser of a promissory note is not discharged from liability thereon by reason of the failure of the holder of the note to cause the same to be protested; all that is required is that the note shall be presented for payment and notice of nonpayment be given the endorser.

3. A claim by way of set-off in an affidavit of defense will not be allowed where it appears that the demand is not made by the defendant in his own right.

4. A claim by way of set-off for $10,000 damages caused by the failure of the plaintiff to mark certain suits settled and discontinued in accordance with an alleged agreement so to do, without setting forth with particularity the circumstances of the alleged default, lacks the definiteness required in statements of claim and is insufficient to prevent judgment.

5. In an action of scire facias sur mortgage, the statement of claim alleged that the mortgage was given to secure a certain indebtedness evidenced by a promissory note made by a third person and endorsed by defendant, at whose request such note had been discounted by plaintiff; and that default had been made in the payment of the principal of the note and all installments of interest. The affidavit of defense alleged that. the consideration for the mortgage had failed, the note in question having been given in settlement of certain suits which had been brought by plaintiff against the maker of the note on prior promissory notes, upon the express agreement that such actions would be marked "settled and discontinued," but that plaintiff had failed to mark such actions "settled and discontinued"; that when such promissory note fell due, no protest or notice of protest was given to defendant, for which reason defendant claimed to be discharged from his liability as endorser; that the maker of the note had certain claims against plaintiff which amounted to more than the sum due on the promissory note and the mortgage, which claims defendant sought to set off against plaintiff's claim and that defendant claimed to recover $10,000 damages caused by the plaintiff's failure to mark the original suits "settled and discontinued." The mortgage contained no reference to the discontinuance of any suits and expressly stated that it was given to secure the payment of the debt named in the promissory note. It did not appear that notice of the nonpayment of the promissory note had not been given to defendant. The claims of set-off were not averred with the particularity that is required in statements of claim. *Held,* the court did not err in entering judgment for plaintiff for want of a sufficient affidavit of defense.

Argued April 14, 1914.    Appeal, No. 387, Jan. T., 1913, by defendant, from judgment of C. P. Columbia Co., May T., 1913, No. 284, for plaintiff, for want of a sufficient affidavit of defense in case of First National Bank of Shickshinny, Pennsylvania, v. George M. Tustin.    Before Brown, Mestrezat, Potter, Stewart and Moschzisker, JJ.    Affirmed.

Scire facias sur mortgage.

Rule for judgment for want of sufficient affidavit of defense.    Before EVANS, P. J.

The opinion of the Supreme Court states the facts.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense.    Defendant appealed.

*Error assigned* was the order of the court.

*George M. Tustin,* with him *James Scarlet,* for appellant.

*Clyde Charles Yetter,* for appellee.

OPINION BY MR. JUSTICE POTTER, July 1, 1914:

This is an appeal from a judgment entered for want of a sufficient affidavit of defense.    The action was scire facias sur mortgage.    It appears from the record that upon October 1, 1910, the defendant gave to the plaintiff a mortgage to secure an indebtedness of $3,589.93 as evidenced by a certain promissory note for that amount, made by E. B. Tustin to the order of defendant; by whom it was endorsed, and at whose request, it was discounted by the plaintiff.    The said note was dated October 1, 1910, and was payable one year after date, the mortgage being given to cover any renewal or renewals of the note.    The precipe for the scire facias, contained an averment that default had been made in payment of the principal of the note, and of all installments of interest.

In the affidavit of defense, the first averment is failure of consideration, for the mortgage.    It is alleged that the mortgage and the note in question were given in settlement of four certain suits, which had been brought by plaintiff against E. B. Tustin and defendant, on prior promissory notes made and endorsed by them, and upon the express agreement that the said four actions would

be promptly marked settled and discontinued. It is further alleged in the affidavit that this agreement was not kept, in that these actions were not marked settled and discontinued. An inspection of the mortgage shows, however, that the real consideration for the note and the mortgage was not the agreement to mark the suits settled and discontinued, but that the actual consideration, was the prior indebtedness, represented by the two notes on which the suits were brought. Whether or not the payment of costs and expenses was to be a precedent to the marking of the suits as settled and discontinued does not appear, but it would naturally be required, and if payment of these costs was not made, that might be sufficient to account for the delay. In any event, if appellant considered that the agreement to mark the former suits discontinued had not been complied with, his proper course would have been to apply to the court below to enforce the agreement in the suits to which it related. The court, however, very properly held that there was an endeavor to set up in the affidavit of defense, a contemporaneous parol agreement, the effect of which would have been to vary the terms of the mortgage, and this without an averment, that anything had been omitted from the terms of the mortgage, by fraud, accident or mistake. The mortgage contains no reference to the discontinuance of any suits, and it contains the express statement that it was given to secure the payment of the debt named in the promissory note. "With no averment in the affidavit of defense, and with no offer on the trial to prove that there had been any fraud, accident or mistake in the execution of the agreement, its plain terms are not to be radically changed by parol": Crelier v. Mackey, 243 Pa. 363 (366).

As a second matter of defense, it is stated in the affidavit, that when the promissory note of E. B. Tustin endorsed by defendant became due and payable on October 1, 1911, no protest or notice of protest was made or given to said defendant, and for this reason he claimed

to be discharged from liability as endorser.  While it is customary to protest a promissory note for nonpayment, yet such protest is not necessary.  All that is required is that the note shall be presented for payment, and notice of nonpayment given.  The law makes the certificate of a notary public, who makes the protest, prima facie evidence of the facts therein stated.  But a note may be presented for payment, and notice of nonpayment may be given by the holder or any other person.  An averment, therefore, that the note was not protested, or notice of protest given, is not sufficient; for it may have been presented for payment and notice of nonpayment given, without any formal protest having been made.  Furthermore the mortgage was not given as collateral to the liability of defendant as endorser.  It is expressly stated in the mortgage, that, "It is fully understood and agreed that this mortgage is given, taken and held, as collateral security for the payment of the principal debt and interest of the said note above recited."

A third ground of defense averred in the affidavit, is that E. B. Tustin has certain claims of set-off against plaintiff, which amount to more than the sum due on the promissory note, and the collateral mortgage.  It would appear that these claims accrued prior to the suits brought upon the original notes, and it would seem that if such a defense existed it would properly and naturally have been taken into account, in the settlement, which was made in the giving of the new note and the collateral mortgage; but at any rate this claim is not one of set-off by defendant in his own right.  In order to be allowed as set-off to one another, demands must be in the same right: Tagg v. Bowman, 99 Pa. 376.  Aside from this the averment in this respect is not sufficiently definite.  Claims of set-off should be averred with the same particularity as is required in statements of claim: Reilly v. White, 234 Pa. 115, (119) ; Law v. Waldron, 230 Pa. 458 (466).

A further alleged defense which is set up in the affi-

davit, is also in the nature of a set-off, being a claim by defendant against plaintiff in the sum of $10,000 for damages caused by the alleged failure of the plaintiff to mark the original suits, above referred to, settled and discontinued. Aside from the apparent absurdity of this claim upon its face, it is essentially lacking in the particularity required in the averment of a claim of set-off, as was pointed out in connection with the ground of defense just previously mentioned.

In holding that none of the allegations of the affidavit of defense are sufficient to prevent judgment, the court below was clearly right.

The assignments of error are all overruled, and the judgment is affirmed.