Lockney *v.* Police Beneficiary Association, Appellant.

*Beneficial associations—Forfeiture of membership—Notice of assessments—Police beneficiary association—Custom.*

The by-laws of a police beneficiary association provided that assessments should be paid by members of the police force who were members of the association, on the second Monday of the month; while ex-members of the police force who were members of the association should pay within thirty days after notice. Notice of the assessment was read over the desk at the station house to all the policemen, and a copy of the same was posted on the bulletin board in the station house. It did not appear that there was any provision of the by-laws as to the kind of notice to be given to an ex-member. There was evidence tending to show that for a number of years the posting of the notice on the bulletin board was the customary and usual method of informing ex-members that an assessment had been levied. An ex-member was expelled for the nonpayment of an assessment. He subsequently died, and his widow brought suit for death benefits. *Held,* (1) that the question as to whether a custom as to notice had been established was for the jury; (2) that the question whether the notice given was sufficient was for the jury; and (3) that a verdict and judgment for plaintiff should be sustained.

In order to establish the validity of a custom or usage it must have existed so long as to have become generally known, and it must be clearly and distinctly proved.

Argued Jan. 24, 1907. Appeal, No. 247, Jan. T., 1906, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1903, No. 3,696, on verdict for plaintiff in case of Annie Lock-

ney, known as Annie Loughney, v. Police Beneficiary Association. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover death benefits. Before WILLSON, P. J.
The facts are stated in the opinion of the Supreme Court.

The defendant presented, inter alia, the following points:

2. If the jury find and believe that John Lockney on August 1, 1898, became a member of the police beneficiary association, and was a police officer connected with the police district station at Twentieth and Federal streets, and continued to be connected with that station as an officer until he severed his connection with the police department in February, 1899, and that all notices for payments of assessments for the said John Lockney, as well as for the other members of the police beneficiary association connected with that station, were sent to the said station during the whole of that period and continued so to be sent thereafter, that being the adopted manner and custom of sending notices of assessments to the members of the police beneficiary association, and the said John Lockney and the other members receiving all of their notices in that way, and all payments of assessments that were made being paid to delegates at the said station, the notice for the payment of assessment of $4.00, sent on November 28, 1900, to the said station, was a notice to the said John Lockney, and the said assessment not having been paid on or before January 10, 1901, the plaintiff cannot recover and the verdict must be for the defendant. *Answer:* It is pretty hard to answer that point. If all the matters which are involved in that point are believed by you to be true, and particularly if you believe, as I have said before, that there has been an established, understood custom, practice, that the notice to be given to the members and ex-members of that association that assessments were made, was by reading them out from the desk in the station house or by posting them there, then I affirm that point. [4]

3. When the said John Lockney severed his connection with the police department, if he desired notices for payment of assessments to be sent to an address other than that in the adopted and accustomed place and manner, viz.: to the police district station, Twentieth and Federal streets, where he had

always been notified from the commencement of his membership in August, 1888, to February, 1899, when he ceased to be a police officer, he should have requested the proper officer of the police beneficiary association to send his notices to the other or new address, and if the jury find and believe that the said John Lockney did not request his notices to be sent to an address other than the accustomed address, viz. : the said station at Twentieth and Federal streets, then a notice sent to the said station was a sufficient notice to the said John Lockney and the assessment levied for November, 1900, of $4.00, not having been paid on or before January 10, 1901, the plaintiff cannot recover and the verdict must be for the defendant. *Answer :* I affirm that just as I did the second point, if you believe that the testimony shows that there had been an established, understood way of giving notice at the station house, which would be exclusive of other notices. [5]

4. If the jury find and believe that the said John Lockney paid all of his assessments at the district station at Twentieth and Federal streets that were made upon his membership certificate sued upon in accordance with notices sent to the said station, and the said John Lockney neglected to pay the sum of $4.00, being assessment for the month of November, 1900, notice of which was sent to said station on November 28, 1900, then there can be no recovery by the plaintiff, and the verdict must be for the defendant. *Anwer :* I decline that point. [6]

Verdict and judgment for plaintiff for $2,059.20. Defendant appealed.

*Errors assigned* were (4, 5, 6), above instructions, quoting them.

*Frederick A. Sobernheimer,* for appellant.—The payment of assessments or dues is necessarily a voluntary one. The member may pay, or not, as he pleases, and the membership continues only so long as he continues to pay the assessments. It is the duty of a member to keep himself informed and advised as to whether he is in arrears for assessments, or not. Upon his becoming a member he subscribes to the by-laws and is bound by them. The certificate of membership is issued sub-

ject to the conditions contained in the by-laws: Rhule v. Diamond Colliery Accidental Fund, 13 Pa. Superior Ct. 416; Dickinson v. A. O. U. W., 159 Pa. 258; Lantz v. Ins. Co., 139 Pa. 546; Duffy v. Alta Friendly Society, 17 Pa. Superior Ct. 531; Hansen v. Supreme Lodge, 40 Ill. App. 216; Supreme Lodge v. Keener, 25 S. W. Repr. 1084; Beeman v. Supreme Lodge, 29 Pa. Superior Ct. 387.

*Joseph H. Taulane,* of *White, White & Taulane,* with him *Ernest E. Prevost,* for appellee.

OPINION BY MR. JUSTICE ELKIN, April 22, 1907:

John Lockney, the husband of appellee, was a police officer in the city of Philadelphia, and became a member of the police beneficiary association in 1888. He was discharged from the police force in 1889, but under the by-laws of the association he then became an ex-member. The right of the appellee, his wife, the beneficiary named in his certificate of membership, to receive the amount named therein, was in no way impaired by the fact that he was discharged from the police force, provided, however, that he was in good standing in the association at the time of his death. The principal question for determination in this case is whether proper notice of an assessment had been given to the husband of appellee. It appears from the evidence that when a death occurs in the association an assessment of fifty cents is made upon each member, and the secretary of the association transmits, by telegraph, a notice to the lieutenant or superintendent in charge of the various police stations, to collect from each member the amount of the assessment so levied. When this notice is received at the police station it is read over the desk to all the policemen, and a copy of the same is posted on the bulletin board in the station house. The only notice given to the husband of appellee of the assessment of December, 1900, was by reading and posting on the bulletin board in the station house as above described, which, it is contended, was all the notice required under the circumstances of this case. It must be conceded, that if proper notice was given to appellee's husband, his failure to pay the assessment within thirty days after such notice made him liable to expulsion, and the act of

the association in expelling him at their meeting on January 14, 1901, was within the power of the association under its by-laws. On the other hand, if proper notice was not given him, his expulsion was illegal, and notwithstanding the same he continued in good standing until the time of his death, and the beneficiary named in the certificate of membership would be entitled to recover from the association the amount due her under the terms thereof. The by-laws of the association, relating to the question of notice, provide : " Any member of the department failing to pay his annual dues or assessments on the second Monday of the month, shall be expelled, and his beneficiary certificate shall be null and void; provided that this does not apply to ex-members of the department who shall have thirty days from date of notice to make payments."

It will be observed that the by-law does not specify the kind of notice nor the manner in which it is to be given an ex-member, but it does expressly provide that ex-members shall have thirty days after notice to pay the assessment, and it is therefore incumbent on the association to give ex-members notice of the assessments levied upon them, in order that they may be informed thereof, and have an opportunity to pay the same within the thirty-day limit. The by-law clearly contemplates a different method of dealing with members and ex-members. Members pay on the second Monday of the month, while ex-members pay within thirty days after notice. It is perfectly clear that an ex-member is not liable to pay an assessment until he has notice of the same, either actual, or according to the by-laws and regulations of the association. In the case at bar the husband of appellee did not receive actual notice; the by-laws of the association are silent on the subject of the kind of notice to be given to an ex-member; and the only attempt to prove notice consisted in showing that the call for an assessment had been read to acting policemen and posted on the bulletin board in the station house. It cannot be said, however, that the notice given by reading aloud the call for an assessment in the station house was a sufficient notice to ex-members, for it could not be expected that ex-members, no longer members of the police force, would be present when the notice was read, and they could not, therefore, be charged with notice in this respect. Nor can it be

said as a matter of law that the posting on the bulletin board of the fact that an assessment had been called, charged an ex-member with notice to pay the assessment. It is true that evidence was introduced on behalf of the appellant tending to show that for a number of years the posting of the notice on the bulletin board was the customary and usual method of informing ex-members that an assessment had been levied. It is argued by the learned counsel for the appellant that Lockney had knowledge of this custom while he was a member of the police force, and must be held to be bound by it, and the fact of the notice having been posted being undisputed, it is contended the court should have withdrawn the case from the jury and directed a verdict for the defendant. This position loses sight of the fact that the posting of the notice upon the bulletin board in the station house was primarily intended to give notice to members, and the evidence does not so conclusively establish the fact as to warrant the court in holding as a matter of law that this was a proper and sufficient notice to the husband of the appellee. Whether or not under the evidence in this case a custom was sufficiently and clearly established so as to charge the appellee's husband with notice of the assessment, was left by the learned court below for determination by the jury, and in this we see no error : McMasters v. Pennsylvania Railroad Company, 69 Pa. 374. In order to establish the validity of a custom or usage it must have existed so long as to have become generally known, and it must be clearly and distinctly proved : Adams v. Pittsburg Insurance Company, 95 Pa. 348.

In the absence of a stipulation in the charter or by-laws of the association providing the method of giving notice to ex-members, it was for the jury, and not for the court to determine, under all the facts of this case, whether or not the notice given was sufficient. The instructions of the learned trial judge fairly and properly left this question to the jury where it belonged.

The argument of the learned counsel for appellant relating to the question whether Lockney had been properly expelled from the association may be conceded to be sound. It is clear that if Lockney had proper notice of the assessment and failed to pay the same within thirty days, the association had a right

to expel him, and if he had been regularly expelled he would lose all his rights as a member, and his beneficiary would have no claim against the association upon his death. This question, however, need not be given any further consideration, because we have already held that the whole case depends upon the question whether proper notice of the assessment had been given, and if he did not receive proper notice of the assessment, his attempted expulsion was illegal.

Judgment affirmed.