# Baker *v.* Tustin, Appellant.

*Mortgages—Scire facias sur mortgage—Affidavit of defense—Set-off—Insufficient averments.*

1. An affidavit of defense is to be taken most strongly against the defendant, for it is to be presumed that he has made it as favorable to himself as his conscience will allow.

2. Averments of set-off in an affidavit of defense must be as specific as those used in a statement of claim.

3. In an action of scire facias sur mortgage, an affidavit of defense which set up that the plaintiff had unlawfully entered judgment against the defendant on the bond accompanying the mortgage, whereby the defendant had been damaged in the sum of $10,000, but which did not allege that defendant had asked to have such judgment opened or stricken off, or aver the facts showing damage with reasonable precision, was insufficient and the court made no error in entering judgment for plaintiff for want of a sufficient affidavit of defense.

500          BAKER *v.* TUSTIN, Appellant.

Argued April 14, 1914.          Appeal, No. 388, Jan. T., 1913, by defendant, from judgment of C. P. Columbia Co., Sept. T., 1913, No. 89, for plaintiff for want of a sufficient affidavit of defense in case of Arvilla Baker, now Arvilla Troxell, v. George M. Tustin.          Before BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

` Scire facias sur mortgage.          Rule for judgment for want of a sufficient affidavit of defense.          Before EVANS, P. J.

The opinion of the Supreme Court states the facts.

The court made the rule absolute and entered judgment for plaintiff.          Defendant appealed.

*Error assigned* was the judgment of the court.

*G. M. Tustin,* with him *R. R. John,* for appellant.

*C. A. Small,* and *G. W. Moon,* for appellee, were not heard.

PER CURIAM, May 22, 1914:

The sole defense set up by the appellant in his affidavit is that the appellee had unlawfully entered judgment against him on his bond accompanying the mortgage upon which this writ of scire facias was issued, and the averment upon which he relied in the court below, in asking for the discharge of the rule for judgment for want of a sufficient affidavit of defense, is merely that he had been damaged by the entry of the said judgment in the sum of $10,000.          It does not appear that he ever asked to have it opened or stricken off; but, aside from this, the vague allegation of the damage sustained was utterly insufficient to prevent the entry of judgment on the mortgage.          "Affidavits of defense should aver the facts depended upon with reasonable

precision and distinctness: Markley v. Stevens, 89 Pa. 279. Averments of set-off must be as specific as those used in a statement of claim. The defendant in respect to such a claim is the actor, and the obligation is upon him to aver his set-off in terms incapable of being misunderstood: Loeser v. Warehouse, 10 Pa. Superior Ct. 540. An affidavit of defense is to be taken most strongly against the defendant, for it is to be presumed that he has made it as favorable to himself as his conscience would allow: Comly v. Simpson, 6 Pa. Superior Ct. 12; Kemp v. Kemp, 1 Woodw. 154": Law v. Waldron, 230 Pa., 458.

Judgment affirmed.