# Kelley *v.* Maryland Casualty Company, Appellant.

*Affidavit of defense—Lack of material averments—Notice of defect—Failure to amend.*

1. An affidavit of defense is to be taken most strongly against the defendant, for it is presumed that he has made it as favorable to himself as his conscience would allow; and this rule applies with more force where alleged defects are pointed out as required by a rule of court, and the defendant fails to take advantage of the rule, and amend his affidavit so as to cure the defect.

2. In an action to recover on a contract which provided for the payment to the plaintiff on March 1, 1914, of a certain sum due upon a building contract, "unless the architect shall refuse to accept said work," the defendant filed an affidavit in which he averred that "it is not true, as alleged in paragraph four of the statement of claim, that the architect did not on or before March 1, 1914, or at any time since that date refuse to accept the said work." Plaintiff took a rule for judgment for want of a sufficient affidavit of defense and set forth as one of his reasons that the affidavit failed to aver "that the architect did refuse to accept said work on or before March 1, 1914." The defendant filed no amendment to his affidavit. *Held,* that judgment was properly entered for want of a sufficient affidavit of defense.

Argued Dec. 3, 1914.  Appeal, No. 194, Oct. T., 1914, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1914, No. 1,478 making absolute rule for judgment for want of a sufficient affidavit of defense in case of William Kelley v. Maryland Casualty Company. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.  Affirmed.

Assumpsit on a contract.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Maurice W. Sloan,* for appellant.

*Thomas F. Gain,* for appellee.

OPINION BY KEPHART, J., April 19, 1915:

The defendant was one of the sureties on a penal bond for the protection of subcontractors and material men. The bond was to expire by limitation on November 27, 1913. Defendant desiring to secure an extension of the time of payment, and to avoid the institution of a suit against it by the subcontractor's assignee, secured an agreement with the assignee wherein it was stipulated that the work of the subcontractor was completed in accordance with its contract on February 5, 1913; that the amount due was $3,891.43, to be paid on or before March 1, 1914, "unless the architect shall refuse to accept said work." The sum due not having been paid in full, plaintiff instituted this suit for the balance and averred, inter alia, that the architect did not refuse to accept the work on or before March 1, 1914, or at any time since that date. In the affidavit of defense filed, this specific allegation was answered in this language: "It is not true, as alleged in paragraph four of the plaintiff's statement of claim, that the architect did not on or before March 1, 1914, or at any time since that date, refuse to accept the said work." Plaintiff immediately took a rule for judgment for want of a sufficient affidavit of defense and set forth as one of his reasons that the affidavit failed to aver "that the architect did refuse to accept the said work on or before March 1, 1914." Having full notice of this material point in controversy, with ample opportunity to amend the affidavit of defense, so that it might specifically aver that the architect refused to accept the work before the date mentioned, defendant declined to amend its pleadings, whereupon the rule was made absolute.

An affidavit of defense is to be taken most strongly

against the defendant, for it is presumed that he has made it as favorable to himself as his conscience will allow: Baker v. Tustin, 245 Pa. 499; and this rule applies with more force where the alleged defects are pointed out, as required by the rules of court of Philadelphia county, and the defendant fails to take advantage of these rules and amend his affidavit so as to cure the defect. If the notice was given before March 1, defendant could not only definitely fix the time the notice was given but the manner in which and to whom it was given. This it did not do. True the affidavit sets forth the reasons for the architect's action, but the agreement between the parties stated that all the work had been performed according to contract, and obligated the payment of this money on or before March 1, 1914, unless the notice was given. The purpose for which this agreement was made, the benefit derived by the defendant from it, the waiver of the plaintiff of his right to institute suit and immediately collect this money, are circumstances which require the defendant to set forth specifically a defense which would defeat the claim. The time the architect acted was a material and essential part of the defendant's case, and required proof of a substantive fact. It was not necessary for the plaintiff to aver or prove that the architect did not give notice. The burden was on the defendant and such evidence would only be proper under a specific allegation bringing it within the terms of the agreement. Further, the denial of the defendant is wholly consistent with an affirmative admission that the architect's refusal was after March 1, 1914.

The assignment of error is overruled and the judgment affirmed at the cost of the appellant.