# American Malting Co. *v.* Anthracite Brewing Co., Appellant.

*Affidavit of defense—Contracts—Sales—Insufficient averments —Judgment by default—Rule to open judgment—Damages— Practice, C. P.*

1. Applications to open judgments by default and let defendant into a defense are appeals to the equitable power of the court and where a judgment has been entered for want of an affidavit of defense and an affidavit is thereafter filed the court will not open the judgment if it appears upon an inspection of the affidavit that it is insufficient to prevent judgment.

2. An affidavit of defense must be taken most strongly against the defendant for it is presumed that he has made it as favorable to himself as his conscience will allow.

3. In an action for the price of malt sold by plaintiff to defendant, the contract provided that "the buyer shall order the malt to be shipped......in approximately equal monthly shipments," that the failure of the buyer to give shipping orders as required "shall entitle the seller to charge the buyer with storage or carrying charges of one cent a bushel per month or fraction thereof for the time any shipments are delayed by reason of such failure......" It appeared from the statement of claim that defendant had accepted several shipments, but on the date when the last order should have been given, refused to give shipping directions for the balance, and that plaintiff had thereafter carried the malt for defendant, and claimed the contract price thereof. Judgment was entered for plaintiff for want of an affidavit of defense. The defendant moved to strike off the judgment and filed an affidavit of defense which alleged that the malt which plaintiff shipped and intended to ship was of an inferior grade to that specified in the contract, which fact had been acknowledged by plaintiff; that an adjustment had been made, but that such adjustment "was not sufficient to cover the loss the defendant suffered by reason of the failure of the plaintiff to perform his contract," which loss could not "be accurately determined but is estimated to exceed $2,500; that plaintiff "did not offer or tender to ship the standard mentioned in the contract, and by reason thereof the defendant did not give the shipping orders." The lower court refused to strike off the judgment. *Held,* no error.

4. In such case the rule that for breach of an executory contract for the sale of goods not specific, the measure of damages for the refusal of the buyer to accept the same is the difference between the price agreed upon and the market value on the day appointed for delivery, was not applicable in view of the express provision in the contract that if no shipping orders were received from the buyer at the expiration of the period fixed for delivery, the seller could carry the goods for its account; the plaintiff therefore had the right to set aside the goods, carrying them for the defendant, and recover the full contract price, and the defendant was entitled to a delivery of the goods at any time upon payment of the judgment secured against it with interest, cost and proper carrying charges.

Argued May 11, 1915.   Appeal, No. 74, Jan. T., 1915, by defendant, from order of C. P. Northumberland Co.,

Sept. T., 1913, No.424, discharging rule to open judgment in case of American Malting Company, a corporation, v. Anthracite Brewing Company, a corporation. Before Bbown, C. J., Mestrezat, Moschzisker and Frazer, JJ.  Affirmed.

Assumpsit for the contract price of malt.

Rule to open a judgment entered for want of an affidavit of defense.   Before Cummings, P. J.

The facts appear by the opinion of the Supreme Court.

The lower court discharged the rule to open the judgment.   Defendant appealed.

*Error assigned,* among others, was in discharging the rule to open the judgment.

*L. S. Walter,* with him *J. E. Bastress* and *F. E. Teir,* for appellant.

*J. Fred Schaffer,* for appellee.

Opinion by Mr. Justice Moschzisker, July 3, 1915:

Judgment was entered against the defendant for want of an affidavit of defense; later in the same day such an affidavit was filed and a rule taken to strike off the judgment; this relief was refused, and three months thereafter the defendant asked that the judgment be opened; the court discharged a rule taken to accomplish the latter purpose, and damages were assessed in the full amount of plaintiff's claim with interest; the defendant has appealed.

The plaintiff corporation averred that, on December 30, 1911, it and the defendant entered into a written contract for the sale and purchase of 6,000 bushels of "Western Barley Malt, season 1911-1912," payments to be made "sixty days net from date of invoice"; that the contract contained the following provisions: "Shipments—The buyer shall order the malt to be shipped

......in approximately equal monthly shipments, between now and July 1, 1912"; "Storage—Failure of the buyer to give shipping orders as required by this contract shall entitle the seller to charge the buyer with storage or carrying charges of one cent per bushel per month, or fraction thereof, for the time any shipments are delayed by reason of such failure. At the expiration of the period of delivery and failure of the buyer to order out all of the malt within said period, it shall be optional with the seller to cancel this contract as to the balance not shipped and taken, or to charge the buyer with storage and carrying charges at the rate above stated for such time as the seller elects to carry the malt for the buyer"; that it had delivered and defendant accepted and paid for 4,511 bushels of the malt, but on July 1, 1912, the date when the last shipping order should have been given, and from thence to the time of suit, the defendant had "failed, neglected and refused to give the seller shipping directions for the balance of said contract, to wit, 1,489 bushels"; that notice had been given under the contract to the defendant that plaintiff "exercised its option to carry the said 1,489 bushels of malt for the buyer"; that "by the said election under the contract the plaintiff-seller has been since July 1, 1912, and is now, carrying the said 1,489 bushels of malt for the (defendant) buyer"; that "the defendant refused and still refuses to receive the said 1,489 bushels of malt"; therefore, the plaintiff sued for the full contract price.

The defendant averred that it had a just and true defense to "the whole of plaintiff's cause of action"; that "the malt shipped in pursuance of the contract was not standard Western Barley Malt, season 1911-1912," but of inferior grade and quality; that "the plaintiff openly acknowledged the malt which (it) shipped, and intended to ship, was not of the character, quality and condition mentioned in the contract, and that it had made large reductions in the price of the malt already

shipped"; that "the reduction made by the plaintiff for the malt shipped, by reason of the same being of an inferior grade was not sufficient to cover the loss the defendant suffered by reason of the plaintiff not performing his contract to deliver malt of standard grade," which loss, the defendant averred, "cannot be actually determined but is estimated to exceed $2,500"; finally, the defendant averred that the plaintiff "did not ship the quality of malt mentioned in the contract, nor offer, nor tender to ship the standard mentioned in the contract, and by reason thereof the defendant did not give the shipping orders for the quantity of malt mentioned in said contract."

· An affidavit of defense must be taken most strongly against the defendant, for it is presumed that he has made it as favorable to himself as his conscience will allow: Barker v. Fairchild, 168 Pa. 246; Baker v. Tustin, 245 Pa. 499; and, under the circumstances in this case, we cannot say the court below erred in refusing to open the judgment and permit the defense endeavored to be interposed by the present affidavit. The averment as to the damages alleged to have been suffered by the defendant because of a prior shipment of inferior malt is too vague and indefinite for serious consideration: Sitgreaves v. Griffith, 2 W. N. C. 705; Baker v. Tustin, 245 Pa. 499, and, in its printed argument, the appellant admits the fact that the adjustment which took place on the former shipment "may preclude the defendant from claiming any further damages by reason of the inferior malt then shipped, and the court may be correct in so holding"; but it contends that the averments in the affidavit of defense to the effect "that the plaintiff openly acknowledged that the malt which it......intended to ship was not of the character, quality and condition known as Standard Western Barley Malt," and, "that the plaintiff did not ship the quality of malt mentioned in the contract, nor offer nor tender to ship the quality mentioned in the contract, and by reason thereof the de-

fendant did not give shipping orders for the quantity
mentioned in the contract," were sufficient to take the
case to a jury.  It is to be noticed, however, that under
the contract the seller was not to ship, and, therefore, it
must be presumed the plaintiff did not "intend to ship,"
any malt whatever until orders to that effect were re-
ceived from the defendant; hence, in view of the ex-
press admission by the defendant that it had given no
shipping orders, in the absence of an averment by the
latter that malt tendered in express anticipation of such
orders, or that the 1,489 bushels which the plaintiff was
carrying for it, were not of the grade and quality stipu-
lated in the contract, the vague, general allegation that
the plaintiff "openly acknowledged the malt which it
intended to ship" was not of the character called for,
without stating how, when, where, by whom, or under
what circumstances, such alleged acknowledgment was
made, was clearly inadequate from every standpoint.
The further general allegation that the plaintiff had
"not offered, nor tendered" the quality of malt men-
tioned in the contract likewise was insufficient, for there
is no condition in the contract requiring an offer or
tender by the plaintiff until shipping orders are received
from the defendant.

A reading of the depositions taken by defendant shows
that three carloads of malt were shipped to it under the
contract; that the first two carloads were up to standard
and satisfactory, but the last was not; that a full adjust-
ment was made between the parties for the unsatisfac-
tory shipment; that when the time came for the final
shipment the market had fallen and the defendant could
buy at a lower figure than the contract price; that the
plaintiff had stated to the defendant that the balance of
the malt called for in the contract "had already been set
aside......and was held in storage" for the account of
the defendant; that the appellant had not examined the
malt thus set aside and had no personal knowledge as to
its quality or grade, but based its averment that the

article was inferior on the mere fact that, although the first two carloads were up to grade and satisfactory, the last carload shipped to it was unsatisfactory; finally, the depositions not only fail to support the averment that the appellee "openly acknowledged" the malt it intended to ship was of inferior quality, but, on the contrary, they show that the representative of the plaintiff stated to the defendant that a quality even better than that called for in the contract would be shipped.

While the general rule is that on "an executory contract for the sale of goods not specific, the measure of damages for the refusal of the buyer to accept the same is the difference between the price agreed upon and the market value on the day appointed for delivery," yet, this rule does not apply under the special contract here involved, which specifically states that if, at the expiration of the period fixed for delivery, no shipping orders are received from the buyer, the seller may carry the goods for its account, making "carrying charges" therefor; hence, under the contract, the plaintiff had the right to set aside the goods, carry them for the defendant, and recover the full contract price, the defendant, of course, being entitled to a delivery of the goods, at any time, upon payment of the judgment secured against it with interest, costs and proper carrying charges.

"Applications to open judgments by default and let defendants into a defense are appeals to the equitable power of the court": Lytle v. Forrest Hoover, 175 Pa. 408, and the rule is well established that "where a judgment has been entered for want of an affidavit of defense, and an affidavit is thereafter filed, the court will not open the judgment if it appears upon an inspection of the affidavit that it is insufficient to prevent judgment": Hipple v. Laird, 189 Pa. 472. It is quite clear that no reversible error was committed in refusing to open the judgment in the present case.

The assignments are overruled and the judgment is affirmed.