# Hoff, Appellant, *v.* Ward Baking Company.

*Negligence—Collision between wagon and sled—Boys coasting.*
The driver of a wagon cannot be charged with negligence in causing the death of a boy seven years old at a crossing, where it appears that the boy at the time of the accident was riding on a sled back of another boy who was guiding it; that the lads were coasting down a steep cross-street; that the boy who was guiding the sled was not able to deflect it, so that it struck the rear of the wagon; and that there was space back of the wagon sufficient for the sled to have passed if it had been deflected.

Argued May 2, 1918.  Appeal, No. 134, April T., 1918, by plaintiffs, from judgment of C. P. Allegheny Co., Jan. T., 1917, No. 2194, for defendant n. o. v. in case of Nicholas Hoff and Anna Hoff, his wife, v. Ward Baking Company.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and TREXLER, JJ.  Affirmed.

Trespass to recover damages for death of plaintiff's son.

At the trial the jury returned a verdict for plaintiffs for $590.  On a rule for judgment for defendant n. o. v. SHAFER, J., stated the facts to be as follows:

The action is by the parents of a boy about seven years old, who was killed while coasting across a street in the City of Pittsburgh by coming in contact with a wagon of the defendant.  It appears from the evidence that Broad street in the City of Pittsburgh is a much traveled street and that it is intersected at right angles by Millvale avenue which descends towards Broad street for two or more squares at a grade of about fifteen per cent., and that when there was snow on the ground, Millvale avenue and an open lot alongside of it were used by boys of the neighborhood to coast upon, some of the coasters going down into Broad street and others not going so far, and that this place has been used in this way for a considerable time.  It further appears that shortly after noon on March 18, 1916, the employees of the defendant returning home with an empty bread wagon after having made their deliveries, drove along Broad street past the intersection of Millvale avenue, and that while they were doing so two boys, one of them being the plaintiffs' son and the other an older boy, came down Millvale avenue very rapidly on a sled guided by the older boy, and came in contact with the rear wheel of the wagon, and that in that way the plaintiffs' boy was killed.  The negligence laid in the affidavit of claim is that the wagon was driven along Broad street at a dangerous and unsafe speed and on the wrong side of the street, and that the driver did

235, (1918).] Statement of Facts—Opinion of the Court.

not hesitate or check the speed of his wagon when he came to Millvale avenue, though he knew it was used. as a sled track. The evidence on the part of the plaintiff was that the wagon was driven at a gallop, or at least at a very fast pace, past the mouth of Millvale avenue, and that the lines were not in the driver's hands but hung up on a hook, and that the driver and somebody with him were looking at a book and paying no attention to where they were going. The older boy who was guiding the sled, having the other boy behind him, testified that he saw the wagon when the sled was at the alley parallel to Broad street, and that he tried to turn into the curb but could not turn his sled, and that he could have gone behind the rear wheel if he had been able to turn the sled, which he was guiding with his hands, but that it was too heavy with two on it and he could not guide it.

The court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*L. K. & S. G. Porter, John F. Gloeckner* and *Thomas L. Morris*, for appellants.—The case was for the jury: Edelman v. Connell, 257 Pa. 317; Mulherron v. Philadelphia Homemade Bread Co., 257 Pa. 22; Summers v. Brewing Co., 143 Pa. 114; Satinsky v. Brewing Co., 187 Pa. 57; Kleinert v. Ice Co., 6 Pa. Superior Ct. 594; Feldmar v. Riccordino, 58 Pa. Superior Ct. 114.

*R. R. M. McCready*, for appellee, cited: Glassey v. Hestonville, Etc., Ry., 57 Pa. 172.

OPINION BY TREXLER, J., July 10, 1918:

We think the learned trial judge correctly entered judgment for the defendant n. o. v. When the employee of the defendant crossed the street on which the boys were coasting, he was not required to anticipate that the

sled upon which the boys were would get beyond their control, and run into the rear of his wagon. There was space back of the wagon for the sled to pass, but the boy who was steering testified that he was unable to deflect his sled so as to escape the wagon. The rapid driving of the vehicle did not cause the injury. Had the wagon been driven at greater speed the boys would have passed unhurt. "Assuming that the driver when he arrived at the corner, could have seen the boys at a considerable distance up the hill coasting down toward him, was he obliged to anticipate the possibility of their steering their sled into his wagon?" Eastburn v. United States Exp. Co., 225 Pa. 33.

As was said by the learned trial judge, "We are of opinion that nothing which the driver of the wagon could have seen before coming to the street would indicate anything more to him than that boys were playing on Millvale street, or would require him to stop before coming to it or oblige him to anticipate the possibility of their running into his wagon."

Judgment affirmed.