# Leslie *v.* Catanzaro, Appellant.

*Negligence—Automobiles—Collision between car and sled—Res ipsa loquitur—Sudden emergency—Obstruction of view—Notice of sledding.*

1. The mere fact that an automobile comes in contact with a sled coasting across a road, raises no presumption of lack of care on the part of the driver of the automobile.

2. One who, in sudden emergency, acts according to his best judgment, or who, because of want of time in which to form that judgment, omits to act in the most judicious manner, is not chargeable with negligence.

3. Where an automobile collides with a sled coasting across the road, and the evidence shows that the driver of the automobile had no actual or constructive notice of sledding at the place of the accident, and that, under the circumstances and in the sudden emergency, he did what a reasonably prudent man would do in endeavoring to move his car from the path of the oncoming sled, he cannot be charged with negligence, and a case against him should not be submitted to the jury.

4. In such case the evidence must be of a convincing character to justify a jury in finding that the driver must have been aware of coasting at the place of the accident, and therefore had imposed upon him the duty of taking unusual care.

Argued October 24, 1921. Appeal, No. 97, Oct. T., 1921, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1917, No. 2059, on verdict for plaintiff, in case of Effie Leslie, a minor, by her father and next friend, Levi Leslie, and Levi Leslie in his own right, v. Samuel Catanzaro. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before SHAFER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff, Effie Leslie, for $3,500 and for defendant as to Levi Leslie: see 68 Pitts. L. J. 28; 11 Municipal L. R. 179. Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment for defendant n. o. v., quoting record.

*John J. Kennedy,* of *Griffith & Kennedy,* with him *J. Roy Dickie,* for appellant.—Defendant was not chargeable with negligence: Eastburn v. U. S. Express Co., 225 Pa. 33; Hyatt v. Johnston, 91 Pa. 196; Phillips v. Ry. Co., 190 Pa. 222.

*Ralph P. Tannehill,* with him *Rody P. & Meredith R. Marshall,* for appellee.—That it may be negligence to drive upon the left or wrong side of a street was decided in the case of Yeager v. Gately, 262 Pa. 466; see also Walleigh v. Bean, 248 Pa. 339.

It is not negligence per se to coast on a street which is not put to much public use, when not expressly prohibited by ordinance: Feldman v. Riccordino, 58 Pa. Superior Ct. 114.

OPINION BY MR. JUSTICE SADLER, January 3, 1922:

Plaintiff brought an action to recover damages for injuries sustained in a collision between the sled on which she was coasting and the automobile of defendant. Her statement of claim averred negligence in the running of the car without lights, and at an excessive speed, and charged, as well, careless operation of the motor. As to the first two complaints, no evidence was offered, and, if the verdict of the jury in favor of the plaintiff is to be upheld, it must be justified by the testimony submitted, and the inferences to be drawn therefrom, that the defendant failed to use due care in guiding his automobile.

Heberton Avenue, in the City of Pittsburgh, approaches Stanton Avenue from the north at rightangles and at a steep grade. From the latter, Meadow Street departs not in a direct line with Heberton, but from the southern side diagonally to the southeast. A clear view across Stanton and down Meadow Street, or from this

roadway up Heberton, is impossible. Vision was specially interfered with at the time of the accident because of the occupation of practically one-half of Meadow Street, at a point about fifteen feet distant from Stanton, by a pile of building materials and a contractor's shanty, leaving not more than a 15-foot clearance for one approaching from the east.

Before coming to the Heberton Avenue hill on the night in question, Miss Leslie, with her companions, had been coasting upon a road to the west. When the accident occurred, two men were stretched out on the sled; she was kneeling on the rear, reaching over them, and holding the sides with her hands. They descended the grade at a rapid rate, crossed Stanton, and entered Meadow Street. At the same time, the defendant ascended the latter highway, on the right-hand side, until he reached the obstacle near the corner. The car which he was driving was equipped with lights; there were chains on the rear wheels and the brakes were in proper condition, as is shown by the stopping of the automobile practically within its own length. As he came toward Stanton Avenue his horn was blown. When he rounded the obstruction there was the first opportunity to observe the rapidly approaching sled which, at the moment, was distant from 15 to 25 feet, and, in the emergency, he turned his car to the left. It had almost reached the west curb when the coasting party came in contact with the front right-hand mud guard, resulting in injury to the plaintiff. The machine mounted the sidewalk to the driver's left, and, when it ceased motion, the front was about four feet beyond the curb.

The only proof of negligence, on the part of defendant, rests upon an inference drawn from the location of the car at the moment of collision. In considering this, it is to be kept in mind that the position of the automobile was made necessary by the condition of the highway, the width of which for traveling purposes was reduced at the point in question by half, and the sudden

turn, then made, to the west curb, was clearly for the purpose of avoiding the accident. The sled could not have been seen until the automobile was moved, around the obstruction, from the right-hand side of the street, on which defendant was properly traveling. The distance between the coasting party and defendant's car was then not in excess of 25 feet, and the time elapsing until the impact, basing the calculation on the undisputed rate at which the motor car was moving, could not have been greater than one or two seconds. The rapidly moving sled was from two to four feet from the west curb line, leaving clear not more than 10 or 12 feet in which the motor, coming around the pile of building material, could be straightened out, and headed again toward Stanton Avenue.

There was no clear evidence defendant was aware that coasters might be met upon the highway. It is true the defendant lived within a few blocks of the scene of the occurrence, and the plaintiff, and one of her companions, testified to the fact that sometime earlier in the evening sleds had passed along the street; and it is likewise a fact that a third witness said one had passed down Heberton Avenue a short time before, and this thoroughfare was always so traveled when there was snow upon the ground. Any knowledge of such a usage was denied by defendant, and we are not satisfied that the evidence was so convincing as to justify a jury in saying that the driver on the highway must have been aware of this situation, and therefore had imposed on him the duty of taking unusual care, in view of the possibility of meeting those who might be coasting: Cf. Fitzpatrick v. Penfield, 267 Pa. 564; Lockney v. Police Beneficiary Assn., 217 Pa. 568. The facts relied upon to establish this constructive notice are certainly not so strong as appeared in Eastburn v. United States Express Co., 225 Pa. 33, a decision frequently cited, and approved subsequently in Wetherill v. Showell, Fryer & Co., 264 Pa. 449, distinguishing Yeager v. Gately & Fitzgerald, 262

Pa. 466, in which latter case, knowledge by defendant of the use to which the street was being put plainly appeared. As was said in the opinion of the present Chief Justice, sitting in the court below, in the first of the authorities referred to: "This was not a case of one in plain sight and about to cross the street in front of an [automobile], with opportunity on the part of the driver to see the person and avoid an accident, but was a case of a sled moving rapidly, beyond sufficient control of the boys to avoid a collision with one who had no reasonable expectation to look for such an event."

Whether defendant is charged with notice of the fact that sledding took place on Meadow Street or not, we are still of the opinion that the evidence here produced showed no negligence on his part, which would justify the assessment of damages against him for the injury which unfortunately resulted. Certainly, the mere fact that the automobile came in contact with plaintiff raises no presumption of the lack of due care: Flanigan v. Mc-Lean, 267 Pa. 553. "Where the sole basis of liability is the omission to perform a certain duty suddenly and unexpectedly arising, there must be not only a consciousness of the facts which raise the duty on the part of the person who is charged with its performance, but also a reasonable opportunity to perform it": Phillips v. People's Pass. Ry. Co., 190 Pa. 222; McKee v. Traction Co., 211 Pa. 47. One who, in sudden emergency, acts according to his best judgment, or who, because of want of time in which to form that judgment, omits to act in the most judicious manner, is not chargeable with negligence, and there is no liability for an injury inflicted by one upon another even though the injured person be free from fault, if the cause producing it was unusual, and one which reasonable and careful human foresight could not have foreseen and guarded against. If the defendant was not guilty of want of ordinary care, it must be considered an inevitable accident: Donahue

v. Kelly, 181 Pa. 93; Wingert v. P. & R. Ry. Co., 262 Pa. 21.

It was undoubtedly the duty of defendant to keep his car under control, so as to be able to stop within a reasonable time in an emergency (McMillen v. Strathmann, 264 Pa. 13); the evidence in this case shows careful management of the machine by defendant. Under the circumstances, he did what a reasonably prudent man would do in endeavoring to move his car from the path of the oncoming sled, and the facts, examined from the standpoint most favorable to plaintiff, and giving to her the benefit of all fair inferences which may be drawn therefrom, lead to the conclusion that no negligence was shown, and binding instructions for defendant should have been given: Eastburn v. United States Express Co., supra; Kiley v. Boston Elevated Ry. Co., 207 Mass. 542, 93 N. E. 632; Hoff v. Ward Baking Co., 70 Pa. Superior Ct. 235.

The motion for judgment non obstante veredicto should, therefore, have been granted, and the second assignment of error, based on the refusal, is sustained. Specific reference to the other matters suggested becomes unnecessary.

The judgment is reversed, and is here entered for defendant.