Siglin et ux., Appellants, v. Haiges.

Argued March 13, 1929.

Before Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ. Affirmed.

*Arthur 'H. James,* and with him *Wm. R. Gebhardt,* for appellants.

*Thomas Byron Miller,* and with him *R. J. O'Donnell,* for appellee.

Opinion by Trexler, J., April 10, 1929:

This is an action in trespass to recover damages for the death of plaintiffs' six year old son who, while

coasting, was struck by defendant's motor truck. The truck was being driven along a township road leading from White Haven to Bear Creek by a youth in defendant's employ, accompanied by two other boys who were sitting on the driver's seat with him. At the place where the collision occurred, there were several houses and an alley came into the road from the west. As defendant's truck approached the alley, it was travelling at a speed between twenty to thirty-five miles an hour. On the truck's right, the land dropped from the edge of the road down a steep declivity or embankment. It was the usual township road, not improved; on the left side was a gutter three feet wide and from the edge of the gutter to the embankment on the right side of the road, there was a distance of twenty-five feet. There was ice or snow in the gutter, but a thaw had set in and the main road was practically clear of snow and ice except a few spots here and there. The truck was proceeding on the left side of the road. The alley running into the road approached the road on a decline and along it was a stone wall somewhat over three feet in height which obscured the alley from the view of the approaching truck. The boy who was coasting on the alley darted out from behind the wall, striking the side of the truck and received the injuries which resulted in his death.

There was no evidence of negligence on the part of the defendant, unless it could be found in the fact that the truck was going at an unusual rate of speed or because the truck was on the left side of the road. There was no evidence that the driver had any knowledge that boys were in the habit of coasting down this alley or that the driver saw or had the power to see the boy until the moment his sled was about to strike the truck. It would seem that the driver was not charged with the duty of forseeing that a boy was likely to suddenly appear at the place

where this boy came out of the alley. The facts as stated in this case did not impose any such duty upon him.

This case seems to be very similar to those of Wetherill v. Showell, Fryer & Co., Inc., 264 Pa. 449; Eastburn v. U. S. Express Co., 225 Pa. 33; Leslie v. Catanzaro, 272 Pa. 419, and the language of the present chief justice quoted in the last case applies to the one before us. "This was not a case of one in plain sight and about to cross the street in front of an [automobile], with opportunity on the part of the driver to see the person and avoid an accident, but was a case of a sled moving rapidly, beyond sufficient control of the boys to avoid a collision with one who had no reasonable expectation to look for such an event." The distinction drawn in the pertinent cases is well illustrated in the case of Idell v. Day, 273 Pa. 34, in which the Supreme Court says, "We have had several cases before us of right-angle collisions between sleds and vehicles; as to such circumstances, where there is no testimony to justify a finding that a driver knew or had reasonable ground for knowing boys were sledding, or likely to be sledding, on a hill at the time of passing, and a sled, not under control, comes rapidly, without warning or opportunity to apprehend its approach, and a collision takes place, there is no liability for damages to children who may be injured, as was the case in Eastburn v. U. S. Expres Co., 225 Pa. 33, 35; but where a driver could see children at least fifty feet away from the crossing, or knew they were riding on the hill, he is required to give warning of his approach and take other reasonable means to guard against accident, consistent with the circumstances: Yeager v. Gately & Fitzgerald, Inc., 262 Pa. 471."

The speed at which the defendant's agent was driving was not shown to be unusual or too rapid considering the character of the vicinity through which

he was passing, or does it appear that the rate of speed caused the accident. We may speculate that had the automobile been going faster or slower, the sled might have missed it, but the accident was not the normal result of the speed of the vehicle.

The fact that the driver was on the left side of the road, it may be observed, does not in itself establish negligence, unless his position on that side was the efficient cause of the collision: Zandras v. Moffett, 286 Pa. 477, 480; Stubbs v. Edwards, 260 Pa. 75; Grein v. Gordon, 280 Pa. 576; Lane v. Mullen, 285 Pa. 161.

The above cases and many others establish the principle that the violation of a statute will not create liability where it is not the efficient cause of the injury. "There must not only be a duty violated, but the accident must be the normal result and the violation; that is, an injury must be reasonably anticipated": Gaupin v. Murphy, 295 Pa. 214. We all agree that the lower court was right in entering judgment n. o. v. for the defendant.

The judgment is affirmed.