Huber et al., Appellants, *v.* Anderson.

Argued October 4, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

reargument refused November 27, 1946.

*Bresci R. P. Leonard,* for appellants.

*Albert G. Liddell,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, November 8, 1946:

This is an action in trespass brought by Carole Ann Huber, a minor, by Frank W. Huber, as guardian, and

by Frank W. Huber and Mary R. Huber, parents, in their own right, to recover for injuries sustained by the child when a sled on which she was riding collided with an automobile driven by George B. Anderson, defendant.

The accident occurred at the right-angle "T" intersection of Piedmont Avenue and Ninth Alley, in the Borough of Dormont, at about 5:15 P.M. (war standard time) on January 12, 1943. Piedmont Avenue is 24 feet wide, paved with brick, and runs approximately north and south. Ninth Alley is 14½ feet wide, paved with asphalt, and runs approximately east and west. Ninth Alley approaches Piedmont Avenue on a sharp grade from the east and intersects but does not cross it. At the time of the accident both the street and alley were covered with snow and ice. Defendant was driving his automobile southwardly on Piedmont Avenue, on the easterly or wrong side of the street, within 2 to 3 feet of the east curb. When defendant's automobile had reached a point on Piedmont Avenue about 80 feet from Ninth Alley, the child's sled, on which she was lying in a prone position, was approaching the intersection at a point on Ninth Alley about 55 feet from the intersection, at an estimated speed of 15 to 20 miles an hour. As defendant's automobile reached the intersection, the child darted out of the alley, striking the left front wheel of the automobile and sustaining the injuries for which suit was brought. The child testified she did not see the automobile until "right before the alley," when she "was just about at the bottom of the alley"; that, seeing the danger, she attempted to swerve the sled to the left but was unable to do so because "there wasn't room . . . there was bushes and ground on one side, and on the other side is a house . . . and the car was right in front of me." The view across a vacant lot at the northeasterly corner of the intersection of Piedmont Avenue and Ninth Alley was obscured by a hedge extending from the northeast corner of the intersection, northwardly, along the easterly sidewalk of Piedmont Avenue, and by another

hedge, 12 feet in height, extending from the northeast corner, eastwardly, back along the northerly side of Ninth Alley.

The trial judge submitted the case to a jury, resulting in a verdict for the child in the sum of $3000 and a verdict for the parents in the sum of $2000. Plaintiffs moved for a new trial, assigning as error portions of the trial judge's charge on the measure of damages, and defendant moved for judgment non obstante veredicto. From the refusal of their motion for a new trial and the action of the court in entering judgment non obstante veredicto for defendant, plaintiffs appealed.

A review of the testimony in the light most favorable to plaintiffs leads irresistibly to the conclusion that there was nothing therein to justify a finding that defendant was, or ought to have been, aware of the situation in sufficient time to stop his automobile if under proper control, and, consequently, the entry of judgment non obstante veredicto for defendant was proper. "Where there is not any testimony to support a finding that a driver knew, or had reasonable ground for knowing, that children were sledding or likely to be sledding on a hill at the time of passing, and a sled not under control came rapidly without warning or opportunity to apprehend its approach and a collision took place, there is no liability for damages to children who may be injured: Eastburn v. U. S. Express Co., 225 Pa. 33, 73 A. 977; Post v. Richardson, 273 Pa. 56, 116 A. 531; Wetherill v. Showell, Fryer & Co., 264 Pa. 449, 107 A. 808; Leslie v. Catanzaro, 272 Pa. 419, 116 A. 504; Stickler v. Catanzaro, 86 Pa. Superior Ct. 63; Kovalchik v. Demo, 94 Pa. Superior Ct. 167; Siglin v. Haiges, 95 Pa. Superior Ct. 588. On the other hand, where a driver can see children on a cross street or knows or ought to know that children are riding on a hill, he is required to give warning of his approach and take other reasonable means to guard against accident consistent with the circumstances: Yeager v. Gately & Fitzgerald, Inc., 262

Pa. 466, 106 A. 76; Idell v. Day, 273 Pa. 34, 116 A. 506; Rossheim v. Bornot, Inc., 310 Pa. 154, 165 A. 27; Fisher v. Duquesne Brewing Co., 123 Pa. Superior Ct. 208, 187 A. 90; Morris v. Kauffman, supra; Meyers v. Central R. R. of N. J., 218 Pa. 305, 306, 67 A. 620": *Smith et al. v. Pachter,* 342 Pa. 21, 25, 19 A. 2d 85.

There was no evidence of any person or other vehicle on Piedmont Avenue at the time of the accident, except the child and defendant's automobile; and no evidence of any children playing at or near the intersection. Minor plaintiff was the only coaster on Ninth Alley within two blocks of the intersection. It does not appear that defendant knew children were in the habit of sledding on Ninth Alley, or even knew that the grade of the alley was such as to permit them to do so. The uncontradicted testimony is that this occasion was the first time defendant had traveled Piedmont Avenue in the vicinity of Ninth Alley where the accident occurred. The evidence does establish that the streets of the neighborhood were hilly, that the streets had been covered with ice and snow for some time prior to the date of the accident, and that the neighborhood was a residential district, but these facts were clearly insufficient to impose upon defendant the duty of anticipating that a child would suddenly appear at the point where minor plaintiff came out of Ninth Alley. To hold otherwise would be to paralyze vehicular traffic over the streets of a majority of the cities and towns of this state during the winter months when conditions conducive to coasting generally prevail. In *Eastburn v. United States Express Co.,* supra, the defendant admitted that he had seen children sledding on the hill a night or two before the accident, as he was walking along the intersecting street. Nevertheless, it was held that there was no evidence to justify a finding that defendant knew the children were sledding or likely to be sledding on the hill at the time he was passing the foot of the hill. And a similar conclusion was reached in *Leslie v. Catanzaro,* supra, where it appeared that de-

fendant lived within a few blocks of the accident, and there was testimony that the street on which the accident occurred was always used by children for coasting when there was snow upon the ground.

One of plaintiffs' witnesses, a boy 12 years old at the time of the accident, testified that he shouted, "Look out", when the sled was about 55 feet from the intersection and defendant's automobile was about 80 feet away, but it does not appear that defendant must have heard or understood the meaning intended to be conveyed by such sound. The witness was at the time standing at a point on Ninth Alley, a distance of 50 feet from the intersection, and the fact that no noticeable change in the course of defendant's automobile was observed indicates that the warning was not heard. Also introduced in evidence by plaintiffs was a photograph, taken through the hedge, from a point in the middle of Piedmont Avenue, 80 feet north of the intersection and showing a child on a sled in Ninth Alley, as proof of the view defendant could have had of the child as he approached the intersection. For defendant to have had such a view, he must have been looking through the identical opening in the hedge at the precise moment the child reached the exact spot in Ninth Alley shown on the photograph, and there is no testimony to warrant a finding that he did so or was looking in such direction that he must have had such a view. On the contrary, the uncontradicted evidence is that Piedmont Avenue was slippery and that defendant's attention was concentrated upon looking ahead and keeping his automobile on the high crown of the street, to avoid sliding into the gutter and, therefore, did not see the child until too late to avoid the accident.

The testimony on the subject of the speed of defendant's automobile was vague and unsatisfactory. A witness for plaintiffs testified that it was going "pretty fast" and that it was "going faster than the sled." There is also evidence indicating that the automobile traveled a distance of approximately 100 feet before being brought

to a stop on the icy street following the collision, but this evidence is contradicted by another witness for plaintiffs, the investigating police officer, who arrived on the scene shortly after the accident, indicating that the automobile ran only about 18 feet before coming to a stop and was later moved. In any case, the question of speed is immaterial. As was said in *Siglin v. Haiges,* supra, 592, which involved a similar factual situation: "We may speculate that had the automobile been going faster or slower, the sled might have missed it, but the accident was not the normal result of the speed of the vehicle." See also *Wetherill v. Showell, Fryer & Co.,* supra, 453; *Eastburn v. United States Express Co.,* supra. 37. And similarly immaterial, in this case, is the fact that at the time of the accident defendant was operating his automobile on the left-hand side of the street. Had defendant been traveling on the right-hand side of the street, the probability is that the additional fraction of a second required for the sled to traverse the intervening distance would have caused the child to pass under the wheels of the automobile instead of striking the left-front wheel, resulting in her death or more serious injury. "The fact that the driver was on the left side of the road, it may be observed, does not in itself establish negligence, unless his position on that side was the efficient cause of the collision: Zandras v. Moffett, 286 Pa. 477, 480; Stubbs v. Edwards, 260 Pa. 75; Grein v. Gordon, 280 Pa. 576; Lane v. Mullen, 285 Pa. 161"; *Siglin v. Haiges,* supra, 592. See also *Wetherill v. Showell, Fryer & Co.,* supra.

On the motion for new trial, the alleged errors in the trial judge's charge on the measure of damages become immaterial in view of our conclusion that the defendant was entitled to judgment non obstante veredicto.

Judgment affirmed.